[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12595

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ELBORIC QUADARIUS ROBINSON,
a.k.a. Bo,
a.k.a. Bo 4k,
a.k.a. Bo Dilly,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:20-cr-00010-AW-GRJ-2

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Elboric Quadarius Robinson appeals his sentence of 336 months' imprisonment.  *First*, Robinson argues that the district court erred in denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  He argues that the untrue statements he made to investigators did not concern "relevant conduct" as defined in the sentencing guidelines.  *Second*, Robinson argues that the sentence was procedurally unreasonable because the district court failed to adequately explain his sentence.  *Third*, Robinson argues that his sentence was substantively unreasonable because the district court created unwarranted disparities between his sentence and those of his codefendants, unreasonably focused on his criminal history, and focused arbitrarily on alleged violence associated with his gang ties.

We decline to consider Robinson's challenge to the district court's denial of the § 3E1.1 reduction.  The district court stated that it would have imposed the same sentence if it granted the reduction, rendering any error harmless.  On the reasonableness of

Robinson's sentence, we conclude that it was both procedurally and substantively reasonable. Accordingly, we affirm.

## I.

Robinson was the face of a criminal street gang in Alachua County, Florida. One of the primary purposes of the gang was to sell narcotics. In June 2020, a grand jury returned an indictment charging Robinson with (1) conspiracy to distribute crack cocaine, oxycodone, marijuana, buprenorphine, and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), (b)(1)(C), (b)(1)(D), (b)(2), and 846; (2) knowingly and intentionally using a cell phone while committing a felony in violation of 21 U.S.C. § 843(b), (d); (3) using a firearm in furtherance of drug-trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2).

Robinson pleaded guilty to all charges. Pursuant to a supplemental plea agreement, Robinson agreed to "cooperate fully and truthfully" in "any matter under investigation." According to the agreement, if Robinson made any untruthful statements, the agreement could be revoked and any evidence proffered pursuant to the agreement could be used against him at sentencing. Robinson violated the agreement by making untruthful statements about his knowledge of violence involving the criminal street gang. The government then introduced additional evidence of the drug weight attributed to Robinson. As a result, the drug weight

attributed to him increased from 1.89 kilograms of cocaine to 20.9 kilograms of cocaine.

With the additional drug weight, Robinson's base offense level increased from 24 to 32. Based on the same false statements that led to the revocation of the supplemental plea agreement, the district court denied Robinson an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1. With a criminal history category of V, this resulted in a guidelines range of 188-235 months plus an additional 60 months to be served consecutively.

On the government's motion, the district court varied upward from the advisory guidelines range. The district court stated that it considered the sentencing factors in 18 U.S.C. § 3553(a) and found that a sentence within the guidelines range would be insufficient to fulfill the statutory purposes of sentencing. It found that an upward variance was appropriate to protect the public from drugs and the violent organization associated with the drug and firearm offenses. It also relied on Robinson's significant criminal history, which demonstrated a lack of respect for the law and a likelihood of continued offenses, and the volume of drugs involved in the conspiracy. Robinson was sentenced to 336 months' imprisonment followed by eight years of supervised release. This amounted to a 41-month upward variance from the upper range of the sentencing guidelines.

Robinson now appeals his sentence, and we affirm.

## II.

## A.

We start with Robinson's challenge to the district court's denial of a reduction for acceptance of responsibility under § 3E1.1. We review the district court's interpretation and application of the guidelines de novo and the denial of an acceptance-of-responsibility reduction under § 3E1.1 for clear error. *United States v. Tejas*, 868 F.3d 1242, 1244, 1247 (11th Cir. 2017).

The acceptance-of-responsibility reduction provides a two-level decrease to the offense level if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). It provides an additional one-level reduction if the defendant's offense level is above 16 and the defendant timely notifies the government of his intent to enter a guilty plea. *Id.* § 3E1.1(b). But if a defendant falsely denies relevant conduct, he has acted in a manner inconsistent with acceptance of responsibility and is not entitled to a reduction. *Id.* § 3E1.1 cmt. 1(A); *United States v. Wade*, 458 F.3d 1273, 1279 (11th Cir. 2006). Robinson challenges the district court's finding that the conduct he falsely denied was "relevant conduct" for purposes of the sentencing guidelines.[1]

---

[1] Relevant conduct in a "jointly undertaken criminal activity" includes "all acts and omissions of others that were . . . (i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and

We decline to consider Robinson's challenge to the district court's denial of the reduction. We "need not review an issue when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable." *United States v. McLellan*, 958 F.3d 1110, 1116 (11th Cir. 2020) (quotation omitted). In determining whether the sentence is substantively reasonable, we "must assume that there was a guidelines error—that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly—and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

Here, both factors are present. The district court stated that it would have imposed the same total sentence with or without the § 3E1.1 reduction. With the reduction, Robinson's base offense level would have been reduced to 29 and his corresponding guidelines range would have been 140 to 175 months imprisonment plus 60 consecutive months. Under this range, Robinson's sentence would have been a 101-month upward variance. While a more significant departure from the sentencing guidelines must be supported by a more significant justification, we conclude that the district court's reasons are sufficient to justify a

---

(iii) reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B)(i)-(iii).

101-month upward variance. *See Gall v. United States*, 552 U.S. 38, 50 (2007). The need to protect the public from drugs and violence, Robinson's criminal history indicating a lack of respect for the law and likelihood of continued offenses, and the volume of drugs involved, are substantial justifications sufficient to justify a substantial upward variance. The district court's sentence would therefore be substantively reasonable even if it granted the § 3E1.1 reduction. Because "it would make no sense to set aside this reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence," we decline to review Robinson's challenge to the district court's denial of the § 3E1.1 reduction. *Keene*, 470 F.3d at 1350.

## B.

We next turn to Robinson's challenge to the procedural reasonableness of his sentence. Because Robinson did not object below, we review for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Plain error exists where (1) there is an error; (2) that is "clear or obvious"; and (3) that affected the defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If all three prongs are satisfied, we may reverse "if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration adopted) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

A sentence may be procedurally unreasonable if the district court, among other things, fails to adequately explain the chosen sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir.

2008).  Robinson argues that the district court did not adequately explain why it reduced Robinson's sentence for cooperation with the government and acceptance of responsibility for his offenses even though it denied Robinson an acceptance-of-responsibility reduction under the guidelines.  The source of confusion seems to be the district court's statement that it would have imposed the same sentence whether or not it granted the acceptance of responsibility reduction.  Robinson argues that if the district court granted the acceptance-of-responsibility reduction it would not have been able to find a violation of the supplemental plea agreement because both rulings were based on the same untruthful statements.   And if the supplement plea agreement was not violated, then the drug weight attributed to Robinson would have remained at 1.89 kilograms, resulting in a substantially lower sentencing guidelines range.

We find that the district court's explanation was both adequate and logical.  Robinson was denied the acceptance of responsibility reduction because he falsely denied relevant conduct.  In other words, the district court found that he could not meet the technical requirements for a § 3E1.1 reduction.  And those same false statements were found to violate the supplemental plea agreement.  Nonetheless, the district court credited Robinson with his cooperation in the government's investigations and the fact that he accepted responsibility for the drug offenses.  We view this as a sensible exercise of discretion by the district court.  In any event, the district court's overall explanation was adequate.  The court

correctly calculated the sentencing guidelines range, considered the § 3553(a) factors, did not rely on any clearly erroneous facts, and explained in detail its deviation from the sentencing guidelines. We conclude that Robinson has not established that the district court plainly erred, and that the district court's sentence was procedurally reasonable.

## C.

We turn now to Robinson's claim that the sentence imposed is substantively unreasonable. To determine the substantive reasonableness of a sentence, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51. The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted). Robinson bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). These factors include the criminal history of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a).

Robinson makes three arguments that his sentence was substantively unreasonable. Robinson's main argument is that the

sentence creates unwarranted sentencing disparities between Robinson and his co-defendants.  Robinson also argues that the district court overemphasized his criminal history and focused "single-mindedly" on the violent actions of the gang.

Robinson has not established that his sentence is substantively unreasonable due to unwarranted sentencing disparities.  In full, § 3553(a)(6) requires the district court to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  We can only consider the codefendants' sentences that happened before the sentencing at issue when assessing whether there was an unwarranted sentencing disparity. *See United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015) ("Joseph had not been sentenced when the district court sentenced Duperval, so the district court could not have considered Joseph's sentence.").  Robinson compares his sentence to only one co-defendant sentenced before him, Edward Garrison.[2]  But Robinson failed to

---

[2] We do not consider the sentences of co-defendants Rakeidra Neal, Lorenza Durr, or Daniel Heath Willis because they were sentenced after Robinson. *Duperval*, 777 F.3d at 1338.  Robinson mentions co-defendant Gregory Williams in his brief but does not argue that Williams has a similar record.  We therefore also do not consider Williams's 48-month sentence.  Robinson does not advance arguments with respect to any other co-defendant sentenced before him, including Tomeka Bryant, Morris Cordell Robinson, or Decoda King.  Because Robinson bears the burden of establishing substantive unreasonableness, we also do not consider their sentences.

meet his burden of providing specific arguments regarding the alleged unwarranted disparity and showing that Garrison had a similar record and had been found guilty of similar criminal conduct. *Tome*, 611 F.3d at 1378. According to Robinson's own brief, Garrison's base offense level was 12 with a criminal history of I. His guidelines range was 10–16 months. Garrison was not a member of the gang, abided by his release conditions, was previously successful on probation, had a minimal criminal history, accepted responsibility, and displayed remorse. Accordingly, though Garrison only received a ten-month sentence, we cannot conclude that the sentencing disparity between Robinson and Garrison was unwarranted.

Next, we conclude that Robinson's claims that the district court overemphasized his criminal history and single-mindedly focused on the violent actions of the gang do not establish that his sentence was substantively unreasonable. We must defer to the district court in considering and weighing the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court need not weigh all factors equally; it may weigh one more than the other. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). As long as the district court considers all of the § 3553(a) factors, it maintains discretion to give heavier weight to any single factor or combination of factors than to the guidelines range. *Id.* at 1259. And the district court may consider factors used to formulate the guideline range in support

of a variance. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

The record does not reflect that the district court overemphasized the defendant's criminal history or the retaliatory shootings carried out by the gang. Those factors are among the many other factors discussed and considered by the district court. Again, the district court considered all the §3553(a) factors, and highlighted Robinson's cooperation and acceptance of responsibility, the volume of drugs at issue, Robinson's criminal history, Robinson's relative culpability compared to his co-defendants, the need to protect the public from drugs and violence, and his co-defendants' sentences. We do not read the district court's explanation to place undue emphasis on Robinson's criminal history or the violence associated with Robinson's gang. But even if it did, the district court was within its discretion to weigh some sentencing factors more than others, including factors already taken into account by the sentencing guidelines. We therefore conclude that Robinson has not established that his sentence is substantively unreasonable.

\*      \*      \*

Robinson's sentence is both procedurally and substantively reasonable, and we decline to consider Robinson's challenge to the district court's denial of a reduction for acceptance of responsibility because any error would be harmless. Accordingly, we **AFFIRM**.